IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA L. SILVA, | § § | |
| *Plaintiff,* | § § § | 5:24-CV-00866-XR-RBF |
| vs. | § § § | |
| FRANK BISIGNANO,[1] | § § § | |
| *Defendant.* | § § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff Jessica L. Silva's request for judicial review of the administrative denial of disability-insurance benefits under Title II of the Social Security Act. This action was referred for a report and recommendation, pursuant to 28 U.S.C. § 636(b), Rule 1(h) of Appendix C to the Local Rules, and the docket management order entered on October 8, 2019, in the San Antonio Division of the Western District of Texas. This Court has jurisdiction to review a final decision of the Social Security Administration, *see* 42 U.S.C. § 405(g), and authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons discussed below, it is recommended that the Commissioner's decision should be **REVERSED**, and the case should be **REMANDED**.

---

[1] On May 7, 2025, Frank Bisignano was sworn in as the Commission of the Social Security Administration. Accordingly, Commissioner Bisignano has been substituted as the named Defendant. *See* Fed. R. Civ. P. 25(d).

**Factual and Procedural Background**

Plaintiff Silva filed an application for a period of disability-insurance benefits on June 30, 2021, alleging a disability onset date of March 19, 2021. *See* Tr. 72. She alleged that the following impairments render her disabled: fibromyalgia; rheumatoid arthritis; depression; anxiety; and post-traumatic stress disorder (PTSD). *See id.* Silva's claim was initially denied on July 1, 2022, and once again on April 18, 2023, after she requested reconsideration. *See id.* 16. Following the denial of her benefits claim, Silva requested and received an administrative hearing. Silva attended the hearing on October 12, 2023, with the assistance of appointed counsel. *See id.* 37-70. Silva and a vocational expert testified at the hearing. *See id.*

The ALJ denied Silva's benefits claim. *See id.* 13-27. Included with the ALJ's decision was a notice—dated February 29, 2024—outlining the appeals process and Silva's right to request Appeals Council review within 60 days of receipt of the notice and decision. *See id.* The notice stated that the Appeals Council assumes receipt within five days of the date of the notice unless the recipient demonstrates otherwise. *Id.* The notice explained that the Appeals Council will dismiss a late request unless a claimant shows that she had "good reason for not filing it on time." *Id.*

Silva did not timely appeal the ALJ's decision. Instead, on May 8, 2024—approximately four days past the deadline—Silva filed a request with the Appeals Council for review. *See* Tr. 6-10. In her request, Silva recognized that the 60-day deadline had expired but apologized and stated, "I completely forget all about my paperwork. My daughter helps me, and she came across the letter," and "I have horrible brain fog & memory loss." *Id.* 10. Silva did not provide any additional information regarding the grounds for her untimeliness.

On June 21, 2024, the Appeals Council dismissed Silva's request for review pursuant to 20 C.F.R. § 404.971. *See id.* 4-5. In the dismissal order, the Appeals Council noted that it received and considered Silva's May 8, 2024, request but found that "a request for review late due to forgetfulness" does not "constitute[] good cause for late filing" to extend the 60-day deadline for seeking review. *Id.* Silva, proceeding pro se, filed this action for judicial review on August 7, 2024, alleging that her "court hearing got lost in translation," as it demonstrated there was no employment suitable to her illness and limitations, or her "entire file was not reviewed." Dkt. No. 1, 4.

The Court ordered briefing from the parties on November 18, 2024. *See* Dkt. No. 8. Silva filed her brief on December 12, 2024. *See* Dkt. No. 9. The Commissioner filed a response on April 7, 2025. *See* Dkt. No. 14; *see also* Dkt. No. 15 (Plaintiff's Reply). The Commissioner contends that the Appeals Council's decision should be affirmed because Silva failed to demonstrate good cause to excuse her untimely appeal. *See* Dkt. No. 14. Silva argues that her circumstances should have been considered good cause. *See* Dkt. No. 15. Silva seeks a merits assessment of her claims, arguing that the ALJ erred and that remand is therefore required. *See* Dkt. No. 9.

**Analysis**

Substantial evidence supports the Appeals Council's determination that Silva's request for review was untimely, but the Appeals Council abused its discretion in dismissing Silva's belated request for review for failing to show good cause. Accordingly, the dismissal should be reversed and Silva's case remanded for further proceedings. Silva's other points of error concerning the merits of the ALJ's decision, however, aren't considered here and are left to the agency to review in the first instance. *See Smith v. Berryhill*, 587 U.S. 471, 488 (2019) ("[I]n an

ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance.")

If an ALJ has denied a claimant benefits, that claimant may request review by the Appeals Council on the merits. *See* 20 C.F.R. §§ 404.967, 404.970. The claimant's written request and accompanying evidence, however, must be filed within 60 days of the date the claimant receives notice of the hearing decision. *See id.* § 404.968. Receipt of the notice is presumed five days after its date of issuance, unless a claimant can otherwise show it was not received within that period. *See id.* § 404.901. Failure to file the request for appeal within the 60 days (plus five days) and failure to show good cause for an extension of the deadline results in a dismissal of the claimant's request for review. *See id.* § 404.971.

If a claimant seeks judicial review of the dismissal under these circumstances, the review is generally limited to the administrative decision to dismiss the request for review on procedural grounds. *Smith*, 587 U.S. at 488. The province of the Court here, therefore, is only to address whether the Appeals Council reversibly erred when it determined that Silva's request for review warrants dismissal as untimely. The Court reviews factfinding for substantial evidence and legal conclusions for abuse of discretion when reviewing a procedural decision such as this one. *See id.* at 487 n.19; *see also Brazell v. Saul*, No. 5-18-CV-00202-OLG-RBF, 2021 WL 65486, at *3 (W.D. Tex. Jan. 7, 2021), *report and recommendation adopted*, No. 5-18-CV-00202-OLG-RBF, 2021 WL 2431337 (W.D. Tex. Feb. 3, 2021).

### A. Substantial Evidence Supports the Appeals Council's Finding That Silva's Request for Review Was Untimely.

The notice of the ALJ's unfavorable decision is dated February 29, 2024. *See* Tr. 13-14. Per regulations, the agency presumes Silva received a copy of the notice by March 5, 2024. Silva

has not presented any evidence to support or suggest that she didn't receive the notice by March 5. Therefore, Silva's filing deadline for her request for review was May 4, 2024, which was a Saturday. Per the regulations, Silva's effective filing deadline was then moved to the following Monday, May 6, 2024. *See* 20 C.F.R. § 404.3(b).[2] Silva's request for review was filed on May 9, 2024. Substantial evidence supports the Appeals Council's factual conclusion that Silva's request for review was untimely. But that is not the end of the story.

### B. The Appeals Council Abused Its Discretion in Finding No Good Cause to Extend the Deadline.

The SSA has adopted regulations that endeavor to ensure decisions about extending filing deadlines result from informed exercises of discretion. To that end, the SSA regulations consider the following when determining whether good cause may have prevented a claimant from making a timely appeal request:

> (1) What circumstances kept you from making the request on time;
> (2) Whether our action misled you;
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

*See id.* § 404.911(a). The regulations also provide examples of good cause to extend the filing deadline for a request of review:

---

[2] Ordinarily, a request for review is considered filed on the date it is received in a SSA office, but the postmark date on the envelope in which the request is mailed is accepted as the date of filing if the date of receipt would result in a loss of the claimant's rights. *See* Soc. Sec. Admin., Hearings, Appeals, and Litigation Law Manual, HA 01310.001(D), https://secure.ssa.gov/apps10/poms.nsf/lnx/2501310001 (last visited August 12, 2025). Here, Silva's request was mailed on May 8, 2024, and received on May 9, 2024, both of which fall after the filing deadline.

  (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
  (2) There was a death or serious illness in your immediate family.
  (3) Important records were destroyed or damaged by fire or other accidental cause.
  (4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
  (5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeals Council review or filed a civil suit.
  (6) We gave you incorrect or incomplete information about when and how to request administrative review or file a civil suit.
  (7) You did not receive notice of the initial determination or decision.
  (8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
  (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

*See id.* § 404.911(b).

Silva contends that the same mental limitations that necessitate, in part, an award of benefits to her also impaired the timely filing of her request for review. *See* Dkt. No. 9 at 1. She argues that her situation should qualify as good cause, and analogizes her circumstances to good cause examples (1) and (2) provided above. Dkt. No. 15 at 1.

As this Court has previously stated, "the Commissioner's regulations provide the Appeals Council with considerable discretion in determining whether a claimant . . . has presented good cause for an extension." *Brazell*, 2021 WL 65486 at *3 (referencing *United States v. Rodgers*, 461 U.S. 677, 706 (1983)). "[A decisionmaker] would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.

6

Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the [decision maker]. If no reasonable persons could differ, no abuse of discretion can be found." *Dawson v. United States*, 68 F.3d 886, 895-96 (5th Cir. 1995) (internal citations removed). Further, the Court "cannot put itself in the decision maker's place[] . . . [or] conclude that the Appeals Council abused its discretion just because the Court might have ruled differently on the same set of facts." *Waters v. Massanari*, 184 F. Supp. 2d 1333, 1341 (N.D. Ga. 2001) (citing *Langford v. Flemming*, 276 F.2d 215, 219 (5th Cir. 1960)).

But here, the Appeals Council's decision smacks of arbitrariness; it is not the result of an exercise of discretion guided by the governing regulations and informed by all available information. Silva noted in her request for a good cause extension that she has "brain fog and memory problems." *See* Tr. 10. Here, these confessed cognitive limitations are not an admission of mere inadvertence or laziness, as the Appeals Council apparently concluded. *See* Tr. 4-5 (Appeals Council conclusion that Silva's "forgetfulness" did not show good cause); *see also* Dkt. No. 14 at 5 (Commissioner's argument that Silva "stated only that she 'completely forgot all about' her paperwork (Tr. 10)"). Ample evidence reflects that Silva's mental limitations and pro se status warranted investigation in the good-cause determination—under the SSA's own regulations governing good cause—as a potential excuse for her tardy submission. Silva's application for benefits, medical records, and the ALJ's decision, none of which the SSA objects to figuring into the calculus here, all reflect that her invocation of "brain fog and memory problems" implicates her alleged, significant mental disability. *See, e.g.,* Tr. 22 ("The claimant alleged she could not sustain work on a regular and continuing basis due to the combination of symptoms associated with her physical and mental impairments."), 24 ("The claimant also had a

7

psychological consultative exam in May 2022 . . . during this exam she had limited recent memory, concentration, and attention."), 73, 261, 290, and 672.

Though Silva directs the Court's attention to the examples given in 20 C.F.R. § 404.911(b)(1) and (2), Silva's circumstances and limitations directly implicate the considerations outlined in § 404.911(a)(4) that the Appeals Council is supposed to take into account. ("Whether you had any physical, mental, educational, or linguistic limitations . . . which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review."). At a minimum, the Appeals Council should have considered whether and how Silva's alleged mental limitations and pro se status played into the good-cause determination. Instead, the Appeals Counsel rejected her request as though it was a run-of-the-mill late submission that failed to implicate any regulations governing the good-cause determination.

Prior judicial decisions rejecting weaker good-cause arguments only confirm that this case is different, and likely fairly unique. Silva's case involves a shorter period of delay in the filing of the request for review compared to somewhat similar cases, and her arguments for a good-cause finding based on her pro se status and documented mental limitations bear little resemblance to the unsuccessful arguments put forth elsewhere.[3] Further, the Court is unaware of

---

[3] *See, e.g., Brazell*, 2021 WL 65486 (finding no abuse of discretion where claimant sought an extension of time to request review three weeks after the filing deadline, vaguely claimed there had been severe illness in his extended family, and provided no detail on what evidence he was still gathering that necessitated an extension); *Ray v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-2259-M-BK, 2020 WL 7265402 (N.D. Tex. Nov. 20, 2020), *report and recommendation adopted*, No. 3:19-CV-2259-M-BK, 2020 WL 7260748 (N.D. Tex. Dec. 10, 2020) (finding no abuse of discretion in the Appeals Council's dismissal of a request for review as untimely where the claimant argued he did not have notice of the ALJ's decision but provided no support for his claim); *Bell v. Kijakazi*, No. CV 3:23-0606, 2023 WL 7096466 (W.D. La. Oct. 11, 2023), *report and recommendation adopted*, No. CV 3:23-0606, 2023 WIL 7094549 (W.D. La. Oct. 26, 2023) (finding no abuse of discretion where claimant sought an extension of time to request review ten months after the filing deadline and did not respond to the agency's allowance of 60 additional days to submit a statement explaining good cause for why she failed to timely request review);

similarly situated cases that implicate the same 20 C.F.R. § 404.911(a)(4) discretionary consideration presented here.

It bears emphasis that the Court does *not conclude* that Silva *should* have received an extension or that the Appeals Council could not have reasonably rejected her request *after* applying its regulations. Rather, it appears that the Appeals Council failed to follow the governing regulations and short-circuited the mandated review procedure in determining that Silva lacked good cause, which it did based solely on the conclusion that she was merely forgetful. Silva's stated cognitive limitations, her pro se status, and her incredibly brief lateness merit consideration in the Appeals Council's good cause assessment.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that the Appeals Council's denial of Jessica L. Silva's good-cause request for an extension of the filing deadline be **REVERSED** as arbitrary and **REMANDED** for further consideration consistent with this recommendation.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections,

---

*McIntosh v. Comm'r of Soc. Sec.*, No. 19-CV-5362 (MKB), 2021 WL 826252 (E.D.N.Y. Mar. 4, 2021) (finding no abuse of discretion where claimant filed request for review one month after the filing deadline but the Appeals Council determined claimant had not shown good cause for an extension, as his claim that he had not received notice of the ALJ's decision was not supported by evidence, including that the notice had not been returned to the agency as undelivered).

responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

SIGNED this 14th day of August, 2025.

_____
RICHARD B. FARRER