IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSICA L. SILVA,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | SA-24-CV-00866-XR |
| -vs- | §<br>§ | |
| FRANK BISIGNANO, COMMISSIONER<br>OF SOCIAL SECURITY,<br>*Defendant* | §<br>§<br>§<br>§ | |

## ORDER ON REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed on August 14, 2025. ECF No. 17. After careful consideration, the Court issues the following order.

### BACKGROUND

**I.   Denial of Plaintiff's Application for Benefits and Dismissal of Untimely Appeal**

Plaintiff Jessica L. Silva filed an application for a period of disability-insurance benefits on June 30, 2021, alleging a disability onset date of March 19, 2021. *See* Tr. at 72. She alleged that the following impairments render her disabled: fibromyalgia; rheumatoid arthritis; depression; anxiety; and post-traumatic stress disorder ("PTSD"). *See id.* Silva's claim was initially denied on July 1, 2022, and once again on April 18, 2023, after she requested reconsideration. *See id.* at 16.

Following the denial of her benefits claim, Silva requested and received an administrative hearing. Silva attended the hearing on October 12, 2023, with the assistance of appointed counsel. *See id.* at 37–70. Silva and a vocational expert testified at the hearing. *See id.* The ALJ denied Silva's benefits claim. *See id.* at 13–27. Included with the ALJ's decision was a notice—dated February 29, 2024—outlining the appeals process and Silva's right to request Appeals Council review within 60 days of receipt of the notice and decision. *See id.* The notice stated that the

Appeals Council assumes receipt within five days of the date of the notice unless the recipient demonstrates otherwise. *Id.* The notice explained that the Appeals Council will dismiss a late request unless a claimant shows that she had "good reason for not filing it on time." *Id.*

Silva did not timely appeal the ALJ's decision. Instead, on May 8, 2024—approximately four days past the deadline—Silva filed a request with the Appeals Council for review. *See id.* at 6–10. In her request, Silva recognized that the 60-day deadline had expired but apologized and stated, "I completely forget all about my paperwork. My daughter helps me, and she came across the letter," and "I have horrible brain fog & memory loss." *Id.* at 10. Silva did not provide any additional information regarding the grounds for her untimeliness.

On June 21, 2024, the Appeals Council dismissed Silva's request for review pursuant to 20 C.F.R. § 404.971. *See id.* at 4–5. In the dismissal order, the Appeals Council noted that it received and considered Silva's May 8, 2024, request but found that "a request for review late due to forgetfulness" does not "constitute[] good cause for late filing" to extend the 60-day deadline for seeking review. *Id.*

Silva, proceeding *pro se*, filed this action for judicial review on August 7, 2024, alleging that her "court hearing got lost in translation," as it demonstrated there was no employment suitable to her illness and limitations, or her "entire file was not reviewed." ECF Nos. 1, 4. The Commissioner contends that the Appeals Council's decision should be affirmed because Silva failed to demonstrate good cause to excuse her untimely appeal. *See* ECF No. 14. Silva argues that her circumstances should have been considered good cause. *See* ECF No. 15. Silva seeks a merits assessment of her claims, arguing that the ALJ erred and that remand is therefore required. *See* ECF No. 9.

## II.  The Magistrate's Recommendation to Reverse the Appeals Council

The Magistrate Judge concluded that substantial evidence supported the Appeals Council's determination that Silva's request for review was untimely but that the Appeals Council abused its discretion in dismissing Silva's belated request for review for failing to show good cause. ECF No. 17.

SSA regulations consider the following when determining whether good cause may have prevented a claimant from making a timely appeal request:

> (1)  What circumstances kept you from making the request on time;
> (2)  Whether our action misled you;
> (3)  Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
> (4)  Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911(a).

The regulations also provide examples of good cause to extend the filing deadline for a request of review:

> (1)  You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.
> (2)  There was a death or serious illness in your immediate family.
> (3)  Important records were destroyed or damaged by . . . accidental cause.
> (4)  You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.
> (5)  You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeals Council review or filed a civil suit.
> (6)  We gave you incorrect or incomplete information about when and how to request administrative review or file a civil suit.
> (7)  You did not receive notice of the initial determination or decision.

>   (8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.
>   (9) Unusual or unavoidable circumstances exist, including [those] described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

*See id.* § 404.911(b).

While "the Commissioner's regulations provide the Appeals Council with considerable discretion in determining whether a claimant . . . has presented good cause for an extension,"[1] the Magistrate Judge found that the Appeals Council's decision smacks of arbitrariness." ECF No. 17 at 7. Silva's complaints of "brain fog and memory problems" were "not an admission of mere inadvertence or laziness"—as the Appeals Council seems to have concluded[2]—but central to her application for benefits, which is *premised* on a mental disability. *Id.* at 7–8 (citing Tr. at 22 ("The claimant alleged she could not sustain work on a regular and continuing basis due to the combination of symptoms associated with her physical and mental impairments."); Tr. at 24 ("The claimant also had a psychological consultative exam in May 2022 . . . during this exam she had limited recent memory, concentration, and attention.")).

Because Silva's alleged disability directly implicates the considerations outlined in 20 C.F.R. § 404.911(a)(4)—whether "any physical, mental, educational, or linguistic limitations . . . prevented [her] from filing a timely request or from understanding or knowing about the need to file a timely request for review"—the Magistrate Judge determined that, "[a]t a minimum, the Appeals Council should have considered whether and how Silva's alleged mental limitations and pro se status played into the good-cause determination." ECF No. 17 at 8. "Instead, the Appeals

---

[1] *Brazell v. Saul*, No. 5-18-CV-00202-OLG-RBF, 2021 WL 65486, at *3 (W.D. Tex. Jan. 7, 2021), *report and recommendation adopted*, No. 5-18-CV-00202-OLG-RBF, 2021 WL 2431337 (W.D. Tex. Feb. 3, 2021).
[2] *See* Tr. at 4–5 (Appeals Council conclusion that Silva's "forgetfulness" did not show good cause); *see also* ECF No. 14 at 5 (Commissioner's argument that Silva "stated only that she 'completely forgot all about' her paperwork").

4

Counsel rejected her request as though it was a run-of-the-mill late submission that failed to implicate any regulations governing the good-cause determination." *Id.*

Notably, the Magistrate Judge did not conclude that Silva *should* have received an extension or that the Appeals Council could not have reasonably rejected her request *after* applying its regulations. *Id.* at 9. Nor did he opine any points of error concerning the merits of the ALJ's decision. *See id.* at 3–4 (citing *Smith v. Berryhill*, 587 U.S. 471, 488 (2019) ("[I]n an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance.")).

Rather, the Magistrate Judge found only that Silva's stated cognitive limitations, her pro se status, and her incredibly brief lateness warrant consideration and that, by failing to follow the governing regulations and short-circuiting the mandatory review procedure, the Appeals Council abused its discretion by concluding that Silva lacked good cause because she was merely forgetful. *Id.* at 9. Thus, the Magistrate Judge recommended that the Court reverse the Appeals Council's denial of Silva's good-cause request for an extension of the filing deadline and remand her case for further consideration.

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). No objections have been filed, and the time to do so has expired.

Because no party has objected to the R&R, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1).

The Court has reviewed the R&R and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the recommendation of the Magistrate Judge is **ADOPTED**, and the Appeals Council's denial of Jessica L. Silva's good-cause request for an extension of the filing deadline is **REVERSED** and **REMANDED** for further consideration consistent with this order.

The Clerk is **DIRECTED** to **CLOSE** this case.

The Clerk is **FURTHER DIRECTED** to mail a copy of this Order to Jessica L. Silva at 12340 Claiborne, San Antonio, TX 78252.

It is so **ORDERED**.

**SIGNED** this 2nd day of September, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE